IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KWABENA BAFFOE-BONNIE, :
        Plaintiff, :
    v. : Case No. 3:08-cv-45-KRG-KAP
JOHN LUCKHARDT, JASON CATO, and :
JOHN DOE EMPLOYEES OF THE :
PITTSBURGH TRIBUNE-REVIEW, :
        Defendants :

## Report and Recommendation

### Recommendation

Plaintiff filed a civil complaint against defendants in February 2008. He filed a motion to proceed in forma pauperis in April 2008. docket no. 2. I recommend the motion to proceed in forma pauperis be denied and the complaint dismissed unless plaintiff pays the full filing fee.

### Report

Plaintiff's complaint is a libel action against a football coach at the California University of Pennsylvania and a writer for the Pittsburgh Tribune-Review newspaper. The defendants allegedly committed libel against plaintiff in an article published on March 14, 2007, by stating or implying that plaintiff had cooperated with law enforcement by reporting an alleged drug dealer on campus. Normally an allegation that a person has aided law enforcement could not be considered libelous, but the article plaintiff complains about was published while he was a pretrial detainee at the Allegheny County Prison. Plaintiff is now a sentenced inmate, serving a 30 month sentence for a federal

firearms violation. Plaintiff alleges that this false implication that he is a snitch has caused him great emotional distress.

The in forma pauperis statute was originally designed as a means to relieve indigent plaintiffs from having their poverty bar them from their day in court. Widespread and in some cases systematic abuse of this provision by prison inmates led Congress in 1996 to amend the in forma pauperis statute as well as other provisions affecting inmate filing of civil suits in federal court, in the Prison Litigation Reform Act. The in forma pauperis statute appears in its current form in 28 U.S.C.§ 1915, and commands, at id. §1915(e)(2), that in forma pauperis status be revoked any time the court finds that the plaintiff is not a pauper or that the plaintiff's action is frivolous, malicious, meritless or seeks judgment against an immune defendant.

Plaintiff's inmate account statement indicates that in the six months before filing his in forma pauperis motion he received more than $2000.00. He does not allege that he has no assets and his hiring of private defense counsel would suggest that he does have assets. There is no reason to believe plaintiff's bald statement that he is unable to afford the filing fee. I find that he is not a pauper. His complaint should be dismissed unless he is willing to pursue it at his own expense.

2

If plaintiff does pay the filing fee, the complaint should be dismissed on the merits. Discussing a similar complaint under New York law, then Judge Mukasey observed:

In order to be libelous under New York law, a false statement must hold the plaintiff up to ridicule or scorn in the minds of "right-thinking persons"; those who would think ill of one who legitimately cooperates with law enforcement officials are not such persons. Cf. Restatement (Second) of Torts § 559, cmt. e (1977) ("The fact that a communication tends to prejudice another in the eyes of even a substantial group is not enough if the group is one whose standards are so anti-social that it is not proper for the courts to recognize them."); W. Page Keeton et al., Prosser and Keeton on Torts § 111, at 778 (5th ed. 1984) ("The line is drawn ... when the group who will be unfavorably impressed becomes ... one whose standards are so clearly anti-social that the court may not properly consider them.").

Agnant v. Shakur, 30 F.Supp.2d 420, 424 (S.D.N.Y.1998). While I have found no Pennsylvania cases on point, I believe that Pennsylvania's law of defamation would similarly bar plaintiff's complaint.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has ten days to serve and file written objections to this Report and Recommendation. He may also pay the full filing fee.

DATE: June 4, 2008

Keith A. Pesto
United States Magistrate Judge

Notice by U.S. Mail to:

Kwabena Baffoe-Bonnie, Reg No. 09250-068
Moshannon Valley Correctional Center
P.O. Box 2000
Philipsburg, PA 16866-0798

3